IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIANA CROCKETT,

    Plaintiff,

  v.

RASH CURTIS & ASSOCIATES,

    Defendant.

No. C 12-06429 WHA

**ORDER DENYING MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this action regarding debt-collection phone calls, plaintiff alleges defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq*. Defendant moves for dismissal under FRCP 12(b)(6). After consideration of the parties' briefs, this order finds that the matter is suitable for a decision without a hearing. For the following reasons, the motion to dismiss is **DENIED**. The hearing set for March 21, 2013, is **VACATED**.

## STATEMENT

The facts are simple. Plaintiff Diana Crockett alleges that defendant Rash Curtis and Associates, a debt-collection agency, harassed her with phone calls to her home in an attempt to collect a debt owed by someone named "Carole Colter." Plaintiff states that at "various" times, Rash Curtis placed at least 22 calls to her home phone, all of which were answered by plaintiff's answering machine. The machine's outgoing message identified the number called and indicated

1  that the caller had reached the Crockett residence. Rash Curtis left several messages on
2  plaintiff's answering machine. Some of these calls were made in the one-year period preceding
3  the filing of this action. As a result, plaintiff "suffered and continues to suffer injury to [her]
4  feelings, personal humiliation, embarrassment, mental anguish, and emotional distress . . ."
5  (First Amd. Compl. ¶¶ 5–12).

6  Plaintiff filed her original complaint in state court. Rash Curtis removed the action to
7  this district and promptly moved for dismissal under FRCP 12(b)(6). In response, plaintiff
8  filed her first amended complaint, whittling down her claims to two: violations of FDCPA
9  Sections 1692d and 1692d(5), and of Rosenthal Act Sections 1788.11(d) and 1788.17.
10 Rash Curtis again moves for dismissal.

**ANALYSIS**

**1.  FRCP 12(b)(6).**

On a motion to dismiss, a court evaluates a complaint for:

> sufficient factual matter, accepted as true, to state a claim for relief
> that is plausible on its face. A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged . . . Although for the purposes of a motion to dismiss we
> must take all of the factual allegations in the complaint as true,
> we are not bound to accept as true a legal conclusion couched as a
> factual allegation.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

**2.  FDCPA SECTIONS 1692d AND 1692d(5).**

FDCPA Section 1692d provides, in relevant part:

> A debt collector may not engage in any conduct the natural
> consequence of which is to harass, oppress, or abuse any person
> in connection with the collection of a debt. Without limiting the
> general application of the foregoing, the following conduct is a
> violation of this section:
>
> \*     \*     \*
>
> (5) Causing a telephone to ring or engaging any person in
> telephone conversation repeatedly or continuously with intent
> to annoy, abuse, or harass any person at the called number.

Rash Curtis does not dispute that it is a "debt collector" within the meaning of the FDCPA. Plaintiff, although not alleged to be Rash Curtis's debtor, has standing to bring a claim under the FDCPA because she claims that she was subject to Rash Curtis's improper debt-collection practices. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Plaintiff has stated a claim that Rash Curtis "engage[d] in conduct the natural consequence of which is to harass, oppress, or abuse . . ." in violation of Section 1692d. Our court of appeals has twice briefly addressed the requirements of Section 1692d. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994), reversed summary judgment for a debt collector where the plaintiff had provided evidence that the debt collector threatened or intimidated her in its collection calls. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006), reversed summary judgment for a debt collector where the plaintiff had provided evidence the debt collector knew the plaintiff did not owe the debt, finding that "if [the debt collector] knew the debt . . . was invalid, the natural consequence of repeatedly calling [the plaintiff] to demand payment of that debt was to 'harass, oppress, or abuse.'" Similarly here, it is reasonable to infer that Rash Curtis very likely received notice from the contents of plaintiff's outgoing answering-machine message, as of its very first call to plaintiff's number, that it was calling the wrong number. With this knowledge, calling at least 21 more times, in addition to leaving several messages, plausibly constitutes behavior whose natural consequence was to harass, oppress, or abuse in violation of Section 1692d.

Plaintiff's allegation that Rash Curtis called her home at least 22 times also raises a plausible inference that it *intended* to harass her in violation of Subsection 1692d(5). Our court of appeals has not addressed the required proof of intent to annoy, abuse, or harass under Subsection 1692d(5). District courts in this circuit, however, have generally agreed that intent may be inferred from circumstantial evidence such as the nature, pattern, and frequency of debt collection calls. *See Jones v. Rash Curtis & Assoc.*, 2011 WL 2050195 at *4–5 (N.D. Cal. Jan 3, 2011) (Judge Jeffrey White) (collecting cases). No bright-line rule guides courts in determining which conduct fails to establish harassment as a matter of law, but courts have found call volumes similar to the 22 at issue here to state a claim for relief under this section.

3

*See Probasco v. IQ Data Int'l*, 2011 WL 1807429 at *3–4 (E.D. Cal. May 10, 2011) (Judge Kimberly Mueller). Rash Curtis's 22 calls to plaintiff raise a plausible inference of intent to harass in violation of Subsection 1692d(5). Its motion to dismiss plaintiff's FDCPA claim is therefore **DENIED**.

### 3. ROSENTHAL ACT.

Plaintiff claims that Rash Curtis violated the Rosenthal Act by: (1) causing her telephone to ring repeatedly or continuously to annoy her in violation of Section 1788.11(d), and (2) failing to comply with the FDCPA in violation of Section 1788.17. Claims under Section 1788.11(d) of the Rosenthal Act require the same proof of intent and are evaluated for specificity in the same way as claims under Subsection 1692d(5) of the FDCPA. *See Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006) (Judge Ronald Whyte); *Joseph v. JJ MacIntyre Co., LLC*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002) (Judge Edward Chen). The foregoing analysis of FDCPA Subsection 1692d(5) therefore applies to the Section 1788.11(d) claim, which accordingly survives the motion to dismiss.

A claim for violation of Rosenthal Act Section 1788.17 simply requires showing that a defendant violated any of several provisions of the FDCPA. As this order has found that plaintiff has stated a claim for a violation of the FDCPA, Rash Curtis's motion to dismiss both Rosenthal Act claims must also be **DENIED**.

### CONCLUSION

For the foregoing reasons, Rash Curtis's motion to dismiss is **DENIED**. The hearing scheduled for **MARCH 21, 2013, AT 8:00 A.M.** is **VACATED**. An answer is due on **MARCH 3, 2013**.

**IT IS SO ORDERED.**

Dated: March 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4